FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 21, 2025

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALAN ROLAND,<br><br>Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | No. 2:25-CV-00235-RHW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING CASE WITH PREJUDICE AND CLOSING FILE<br><br>ECF No. 4 |

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. Plaintiff is proceeding *pro se* and filed a response. ECF No. 6. The Court has reviewed the briefing and the record herein and is fully informed. For the reasons discussed below, Defendant's motion is granted.

**I. BACKGROUND**

On July 1, 2025, Plaintiff filed a *pro se* Complaint against the Social Security Administration, claiming his health insurance coverage under Medicare should have been reinstated on January 16, 2024. ECF No. 1 at 4. The Complaint asks the Court

ORDER - 1

to order Defendant to reinstate his Medicare coverage and provide "all of [his] records for the last ten years." ECF No. 1 at 5. He further requests the Court award him damages to refund payments made to Defendant since June 2022 and his court costs. ECF No. 1 at 4-5.

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it "does not explain the legal nature of Plaintiff's claims, does not contain sufficient facts to support a claim for relief, does not allege that Plaintiff exhausted his administrative remedies, and does not establish Plaintiff lacks adequate remedies aside from judicial relief." ECF No. 4 at 6-7. Attached to the motion is the declaration of Tsing-Yang Chow, an Operations Analyst providing support for the Medicare program, stating Plaintiff's Medicare coverage was reinstated effective August 2025 according to a Social Security Administration notice dated August 30, 2025. ECF No. 5 at 2.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Subject matter jurisdiction defines the bounds of a federal court's adjudicatory authority. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 536, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). Dismissal of a case for lack of subject matter jurisdiction under

ORDER - 2

Federal Rule of Civil Procedure 12(b)(1) is proper when the district court lacks the "statutory or constitutional power to adjudicate the case." *Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015).

Relatedly, even if there is subject matter jurisdiction at the time suit was filed, a court may nevertheless lose that jurisdiction if the controversy before it becomes moot. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 66 (1997) (observing that "[t]o qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review.'"). A case is moot when "interim relief or events have completely and irrevocably eradicated the effects of an alleged violation of law and there is no reasonable expectation that the violation will recur[.]" *Wong v. Dep't. of State*, 789 F.2d 1380, 1384 (9th Cir. 1986). Dismissal of a case under Rule 12(b)(1) is proper when a case becomes moot. A court may consider evidence outside the pleadings in deciding a 12(b)(1) motion involving a factual attack on jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

**B. Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that

ORDER - 3

"allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**C.  Pro Se Litigant**

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A pro se litigant must be given leave to amend the complaint, and some notice of its deficiencies, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d

ORDER - 4

1103, 1106 (9th Cir. 1995).

**III. DISCUSSION**

Defendant's motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), although it also argues the Court lacks jurisdiction over Plaintiff's claims, an argument appropriately addressed under Rule 12(b)(1). The Court addresses jurisdiction first because if the Court lacks jurisdiction, it has no power to evaluate the merits of Plaintiff's Complaint under Rule 12(b)(6).

    **A.    Claims for Medicare Coverage and Reimbursement of Contributions to Medicare**

The Complaint asks the Court to order Defendant to reinstate medical insurance coverage under Medicare as of January 16, 2024, and reimburse him $7,200 he has paid to the agency since June of 2022. ECF No. 1 at 4-5. However, after the filing of the Complaint, Defendant issued a notice dated August 30, 2025, declaring Plaintiff entitled to medical insurance under Medicare beginning August 2025. ECF No. 5 at 4.

Plaintiff's response acknowledges receipt of this information and apologizes for the lawsuit. ECF No. 6 at 1. Plaintiff states he is a military veteran over the age of 65, who has paid into the Social Security system for 45 years and suffers from a bad back. ECF No. 1 at 4-5; ECF No. 6 at 1-2. He filed this case on July 1, 2025 to "get their attention" because Defendant failed to reinstate his health insurance coverage despite payment of premiums and repeated contacts with the agency since

ORDER - 5

January 2024 resulting only in frustration. *See* ECF No. 6 at 1 (explaining he tried calling, sending a letter, and visiting Defendant's office in Bend, Oregon three times). *Id*. Plaintiff received a letter from Defendant dated September 24, 2024, stating Defendant had unsuccessfully tried to reach him and the local office in Bend, Oregon could assist him with his Medicare enrollment. ECF No. 6-1 at 1. Nevertheless, reinstatement did not occur until August 30, 2025.

Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is an extraordinary remedy, issued only when "(1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (quoting *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986)). To issue a writ of mandamus, a party must first exhaust all other avenues of relief. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Mandamus relief is typically moot when the agency has already completed the necessary action. Here, any claim for mandamus relief is moot with respect to the entitlement to medical insurance under Medicare coverage. In addition, Plaintiff plainly has an adequate remedy with respect to the effective date of coverage as Plaintiff was advised in the agency's August 30, 2025 notice that he may ask in

ORDER - 6

writing for benefits beginning January 2024. ECF No. 5 at 4. Mandamus relief is also not available in this action because Plaintiff has not exhausted the four levels of administrative review as required by 42 U.S.C. § 405(g) of the Social Security Act, which applies to determinations under the Medicare Act. *See* 42 U.S.C. § 1395ff. Plaintiff admits he has not exhausted his administrative remedies. ECF No. 6 at 1 (stating he sent one letter to appeal). As such, the Court lacks subject matter jurisdiction to review Plaintiff's claims for Medicare coverage and reimbursement of contributions paid.

**B. Claim for Records**

The Complaint also asks the Court to require Defendant release "all" of his "records for the last 10 years." ECF No. 1 at 5. Plaintiff's response states he has asked "many times" for his records and the agency refuses them. ECF No. 6-1 at 4. The Privacy Act "regulate[s] the collection, maintenance, use and dissemination of information by [federal] agencies and provides a private cause of action against federal agencies for violating the Act's provisions." *Doe v. Chao*, 540 U.S. 614, 618 (2004) (citation omitted); 5 U.S.C. § 552a(g)(l) (explaining any individual may bring a civil action against the agency for violation of the Act). For actions under the Privacy Act, administrative remedies must be exhausted prior to bringing suit.

The Privacy Act authorizes government agencies to promulgate rules regulating the process by which individuals may request records. *See* 5 U.S.C. §

ORDER - 7

552a(f)(3). Accordingly, the Social Security Administration (SSA) has implemented procedures regarding access to any record about an individual contained in an SSA system of records. *See* 20 C.F.R. § 401.40. For example, the agency's regulations require that the individual "specify which systems of records . . . to [be] searched and the records to which [the individual] wish[es] to have access." 20 C.F.R. § 401.40. The regulations provide further that the agency "do[es] not honor requests for all records, all information, or similar blanket requests." 20 C.F.R. § 401.40. The local Social Security office can assist with requests for information. *Id*. Plaintiff is required to follow agency regulations pertaining to his request for information as part of his obligation to exhaust his administrative remedies prior to proceeding to district court.

## IV. CONCLUSION AND ORDER

Though the Court can understand Plaintiff's frustration, Defendant's action taken after the filing of this lawsuit and Plaintiff's failure to exhaust his administrative remedies deprive this Court of subject matter jurisdiction over Plaintiff's claims. Therefore, the action must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Given the lack of subject matter jurisdiction and the futility of amendment, the Court concludes Plaintiff is not entitled to notice and an opportunity to amend prior to dismissal. *See Lucas v. Dep't of Corrs*., 66 F.3d 245,

ORDER - 8

248 (9th Cir. 1995). Thus, Plaintiff claims against Defendant are dismissed with prejudice, without leave to amend and without the award of costs.

Accordingly, **IT IS ORDERED**:

Defendant's Motion to Dismiss, **ECF No. 4**, is **GRANTED** for the reasons stated herein. Plaintiff's Complaint and the claims therein are **DISMISSED** with prejudice for lack of subject matter jurisdiction, without leave to amend and without the award of costs.

The District Court Executive is directed to enter this order, enter judgment in favor of Defendant, provide copies to counsel and mail copies to the *pro se* Plaintiff, and **CLOSE THE FILE**.

DATED November 21, 2025.

<u>s/Robert H. Whaley</u><br>
ROBERT H. WHALEY<br>
Senior United States District Judge

ORDER - 9